# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| David Burns,<br><br>    Plaintiff,<br><br>v.<br><br>Davis, et al.,<br><br>    Defendants. | Case No. 2:19-cv-00218-RFB-BNW<br><br>**ORDER** |

Before the Court is plaintiff David Burns's motion for issuance of summonses. ECF No. 25. Burns asks the Court to issue summonses for defendants Barfield and Mena. For the reasons stated below, Burns's motion is granted in part and denied in part.

**I.    Background.**

Burns asserts a single claim under 42 U.S.C. § 1983, and he initiated this matter with a complaint and application for leave to proceed in forma pauperis. ECF No. 1. Burns has since amended his complaint. ECF No. 11. The district judge screened Burns's amended complaint and found that Burns stated a viable claim under the Eighth Amendment of the United States Constitution. *Id.* The operative complaint is at ECF No. 12, and Burns's Eighth Amendment claim proceeds against defendants Davis, Mena, Lester, Barfield, Varney, and Rowley. ECF Nos. 11 and 12.

In February 2020, this Court issued an order that bears directly on Burns's motion. First, the order granted IFP status to Burns and ordered that service be complete by May 18, 2020. ECF No. 17 at 2. Second, the order directed Nevada's Office of the Attorney General to file a notice advising Burns and the Court of: (a) the names of the defendants for whom it accepts service; and (b) the names of defendants for whom it does not accept service. *Id.* Third, for the latter category of defendants, the Court ordered the Attorney General to file those defendants' last-known addresses under seal, to the extent it had that information. *Id.* Fourth, if the Attorney General could

not accept service for any of the named defendants, Burns was ordered to file a motion identifying the unserved defendants and requesting the issuance of summonses. *Id.* at 2–3.

Subsequently, the Attorney General filed a notice of acceptance of service. ECF No. 18. In the notice, the Attorney General accepted service on behalf of defendants Davis, Lester, Rowley, and Varney. *Id.* at 1. The Attorney General declined to accept service on behalf of defendant Barfield and instead filed his last-known address under seal.[1] *Id.* The Attorney General's notice made no reference to defendant Mena. *Id.*

Burns filed the underlying motion on July 9, 2020. ECF No. 25.

**II.   Discussion.**

This Court construes Burns's motion as one to issue summonses for—and to effect service of process upon—Barfield and Mena.[2] When a party proceeds in forma pauperis, the Court "shall issue and serve all process." 28 U.S.C. § 1915(d); *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) ("a party proceeding in forma pauperis is entitled to have the summons and complaint served by the U.S. Marshal.").[3] Here, Burns proceeds IFP and he has viable claims against Barfield and Mena.

**A.   Summonses.**

The Court will direct the Clerk of Court to issue a summons for Barfield. However, the Court is unable to do the same for defendant Mena because it lacks his address. The Attorney General was required to either accept or decline to accept service for Mena. However, the Attorney General's notice declined to address Mena at all.

Based on Burns's allegations, Mena was an employee of the Ely State Prison during the events alleged in Burns's complaint. *See* ECF No. 11 at 3. Thus, the Court will order the Attorney

---

[1] The Attorney General filed a notice to Burns informing him of its submission of Barfield's last-known address. ECF No. 20. The Attorney General certified that a copy of this notice was sent to Burns at his current record address. *Id.*

[2] Pro se filings must "be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[3] Section 1915(d) dovetails with Rule 4, which provides that upon the request of a plaintiff authorized to proceed in forma pauperis, the Court "must" order "that service be made by a United States marshal or deputy or by a person specifically appointed by the court." FED. R. CIV. P. 4(c)(3).

General to comply with the Court's order at ECF No. 17 as it pertains to Mena. Until the Court has a valid address, the Court is unable to direct the Clerk of Court to issue a summons for Mena.

### B. Service.

Once the summonses are issued, it necessarily follows that Burns must effect service upon both Barfield and Mena.

Failure to serve a defendant within the time allotted is grounds for dismissal of that defendant. Fed. R. Civ. P. 4(m). As previously stated, an IFP plaintiff like Burns is entitled to the Court's aid in serving all process. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). But according to Rule 4's plain text, Burns's right to the Court's aid does not attach until he requests it. Fed. R. Civ. P. 4(c)(3) (explaining that the Court "must" order that the U.S. Marshal effect service "[a]t the plaintiff's request"). In *Boudette v. Barnette*, for example, the Ninth Circuit held that an IFP plaintiff "remain[s] responsible for timely service" until he makes the service request. 923 F.2d 754, 757.[4]

Here, the deadline for service was May 18, 2020. ECF No. 17. Burns did not file his motion until July 9, 2020, well after the service deadline lapsed. ECF No. 25. Under *Boudette*, Burns was responsible for timely service on the day that the May 18 deadline lapsed. Therefore, the Court must either extend the time for service or dismiss Burns's claim against Barfield and Mena without prejudice. *See* Fed. R. Civ. P. 4(m).

Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

For the first step, a showing of good cause requires, at a minimum, excusable neglect. *In re Sheehan*, 253 F.3d at 512. To determine whether excusable neglect rises to the level of good

---

[4] *Boudette* construed a prior version of Rule 4 that contained substantially similar language to the operative version of Rule 4. *Id.*

cause, the Court must analyze whether: (1) the party to be served received actual notice of the lawsuit; (2) defendant would suffer no prejudice by the extension; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *Id.* at 512. At this first step, the Court must afford a pro se civil rights litigant "considerable leeway," "especially when the litigant is incarcerated." *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1982) (emphases omitted), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

At the second step, Rule 4 "permits the district court to grant an extension even in the absence of good cause," so long as there is excusable neglect. *Efaw*, 473 F.3d at 1040; *Lemoge*, 587 F.3d at 1197. The Ninth Circuit has declined to articulate a test that a court must apply to find excusable neglect, but it is clear that the trial court's discretion at the second step "is broad." *In re Sheehan*, 253 F.3d at 513. Other courts have allowed the following equitable factors to guide their discretion at the second step: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Trueman v. Johnson*, 2011 WL 6721327, at *5 (D. Ariz. 2011).

The Court may sua sponte extend the deadline for service. *Andrade v. United States*, 2019 WL 3778672, at *5 (S.D. Cal. Aug. 12, 2019); *Scott v. Cox*, 2020 WL 569879, at *2 (D. Nev. Feb. 5, 2020). However, it is unable to do so in this matter because it lacks sufficient information to exercise its discretion. Burns's motion contains only two sentences and it does not explain why Burns filed his motion nearly two months after the service deadline had lapsed. Even after affording Burns's motion the broadest possible construction, the Court is unable to discern whether there exists good cause for the first step of the analysis or, alternatively, excusable neglect for the second. Therefore, the Court declines to order service upon Barfield until Burns is able to establish the good cause or excusable neglect necessary to acquire an extension of the service deadline.[5] Instead, the Court will order Burns to file a motion to extend the time for

---

[5] Even if the Court were able to discern a basis for extending the service deadline, the Court could not order service upon Mena because neither the Attorney General nor Burns provided a valid address for him.

service. In the motion, Burns must articulate a reason for why he waited moved for the issuance of summonses until after the expiration of the service deadline.

### III. Conclusion.

IT IS THEREFORE ORDERED that Burns's motion for issuance of summonses (ECF No. 25) is GRANTED in part and DENIED in part.

IT IS ORDERED that the Clerk of Court is directed to issue a summons, under seal, for defendant Joshua Barfield, using the address under seal at ECF No. 19.

IT IS FURTHER ORDERED that Nevada's Office of the Attorney General has until July 22, 2020, to comply with the Court's order at ECF No. 17 at it pertains to defendant Mena.

IT IS FURTHER ORDERED that by August 14, 2020, Burns must file a motion to extend the time for service upon Barfield and Mena under Federal Rule of Civil Procedure 4(m). In his motion, Burns must articulate the reason for his failure to request service before the May 18 service deadline.

IT IS FURTHER ORDERED that by August 14, 2020, Burns must also file a motion to effect service of process upon Barfield under Federal Rule of Civil Procedure 4(c)(3). If the Attorney General does not accept service on Mena's behalf, Burns must include a request to serve Mena, too.

IT IS FURTHER ORDERED that either party's failure to comply with the deadlines in this order will result in the issuance of an order to show cause.

DATED: July 15, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE