UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| David Burns, | Case No. 2:19-cv-00218-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Davis, et al., | |
| Defendants. | |

Before the Court is plaintiff David Burns's motion to receive summons papers to have defendants "Mozza" and Barfield properly served, ECF No. 43; and defendants' motion to extend the time to file dispositive motions, ECF No. 44. For the reasons below, the latter motion is granted and the former motion is granted in part and denied in part.

**I.  Background**

Burns initiated this matter with an application to proceed in forma pauperis and an accompanying complaint brought under 42 U.S.C. § 1983. ECF No. 1. The district judge screened Burns's complaint and found that he stated a colorable claim against several defendants—including Barfield and Mena—under the Eighth Amendment of the United States Constitution. ECF No. 11. The Court later granted Burns's application to proceed in forma pauperis. ECF No. 17.

The operative complaint was docketed on November 18, 2019. ECF No. 12. Following an unsuccessful early mediation, ECF No. 15, Nevada's Office of the Attorney General accepted service on behalf of all defendants except Barfield and Mena. ECF No. 18. The Attorney General filed Barfield's address under seal at ECF No. 19 but did not do the same for Mena.

…

…

…

### A. Burns's first motion for service

Burns filed a motion requesting summonses for Mena and Barfield in July 2020. ECF No. 25. The Court construed Burns's motion as one for issuance of summonses and to effect service of process. ECF No. 26 at 2.

The Court issued a summons for Barfield but declined to do the same for Mena. ECF No. 27; ECF No. 26 at 3. Instead, the Court directed the Attorney General to file Mena's last-known address under seal. *Id.* at 5. The Attorney General, however, informed the Court that the Nevada Department of Correction had employed only one employee named "Mena," and that employee left the department in 2007, which is 10 years prior to the allegations in Burns's complaint. ECF No. 28.

The Court declined to authorize service upon Barfield and Mena. ECF No. 26 at 3. The Court noted that the service deadline for Burns's complaint was May 18, 2020. *Id.*[1] But Burns brought his motion nearly two months after that deadline lapsed, and his motion offered no justification for doing so. ECF No. 26 at 4. Therefore, the Court declined to authorize service upon Barfield and Mena and instead directed Burns to file a motion by August 14, 2020, to establish the requisite good cause or excusable neglect for an extension of the service deadline. *Id.*

### B. Burns's second and third motions for service

On August 13, 2020—the day before the Court's deadline—Burn filed his motion to extend the time for service upon Mena, ECF No. 30, but he did not seek an extension of the time to serve Barfield. As good cause, Burns offered that he was waiting to receive a response to a discovery request he propounded on defendants, which would help him identify Mena's true name. *Id.* The Court granted Burns's motion and extended the time for service upon Mena up to and including October 16, 2020. ECF No. 35.

---

[1] Although Burns's complaint was docketed on November 18, 2019, ECF No. 12, the district judge stayed this matter that very same day, ECF No. 11 at 5. The stay was lifted on February 18, 2020. ECF No. 17. Therefore, Burns's original 90-day deadline to effect service lapsed on May 18, 2020. *See* Fed. R. Civ. P. 4(m).

In Burns's underlying motion, he asks the Court to send him summonses for defendants Barfield and "Mozza." ECF No. 44. Burns states that "Mena's actual true name is Mozza," and that this correction is set forth in the November 18, 2019 complaint.[2] *Id.*

**II.     Discussion.**

When a party proceeds in forma pauperis, the Court "shall issue and serve all process." 28 U.S.C. § 1915(d); *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) ("a party proceeding in forma pauperis is entitled to have the summons and complaint served by the U.S. Marshal.").[3] Here, Burns proceeds IFP and he has viable claims against Barfield and "Mozza."

**A.     Summonses.**

The Court has already issued a summons for Barfield at ECF No. 27. No summons has been issued for defendant "Mozza." The Court will direct the Clerk of Court to issue a summons for Mozza using the address that Burns listed in the operative complaint for officer "Mena." ECF No. 12 at 2.

**B.     Service.**

Once the summonses are issued, it necessarily follows that Burns must effect service upon both Barfield and Mozza.

Rule 4 requires service upon defendants "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If a defendant is not served within the Rule 4 deadline, the Court must either extend the time for service or dismiss the unserved defendant. *Id.*

Here, the deadline for service upon Mozza was October 16, 2020; the deadline for service upon Barfield was May 18, 2020. Therefore, the underlying motion was filed over a month after the deadline for service upon Mozza and nearly six months after the deadline for service upon Barfield. Accordingly, the Court must either extend the time for service or dismiss the unserved defendants.

---

[2] As an aside, the operative complaint is directed at defendant "Mena" not "Mozza." ECF No. 12 at 2.

[3] Section 1915(d) dovetails with Rule 4, which provides that upon the request of a plaintiff authorized to proceed in forma pauperis, the Court "must" order "that service be made by a United States marshal or deputy or by a person specifically appointed by the court." FED. R. CIV. P. 4(c)(3).

1    Rule 4(m) requires a two-step analysis to determine whether to extend the time for
2    service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must"
3    extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d
4    1188, 1198 (9th Cir. 2009). At the second step, the Court "may" extend the time for service "upon
5    a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

6    For the first step, a showing of good cause requires, at a minimum, excusable neglect. *In
7    re Sheehan*, 253 F.3d at 512. To determine whether excusable neglect rises to the level of good
8    cause, the Court must analyze whether: (1) the party to be served received actual notice of the
9    lawsuit; (2) defendant would suffer no prejudice by the extension; and (3) plaintiff would be
10   severely prejudiced if his complaint were dismissed. *Id.* at 512. At this first step, the Court must
11   afford a pro se civil rights litigant "considerable leeway," "especially when the litigant is
12   incarcerated." *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1982) (emphases omitted),
13   *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

14   At the second step, Rule 4 "permits the district court to grant an extension even in the
15   absence of good cause," so long as there is excusable neglect. *Efaw*, 473 F.3d at 1040; *Lemoge*,
16   587 F.3d at 1197. The Ninth Circuit has declined to articulate a test that a court must apply to find
17   excusable neglect, but it is clear that the trial court's discretion at the second step "is broad." *In
18   re Sheehan*, 253 F.3d at 513. Other courts have allowed the following equitable factors to guide
19   their discretion at the second step: (1) the danger of prejudice to the opposing party; (2) the length
20   of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4)
21   whether the movant acted in good faith. *Trueman v. Johnson*, 2011 WL 6721327, at *5 (D. Ariz.
22   2011).

23   Here, it is unclear to the Court whether Burns seeks to accomplish service through the
24   U.S. Marshals Service. Burns's motion asks the Court "to send [him] the needed summons
25   papers to have Barfield and Mozza properly served," ECF No. 43, and the Court will do so.
26   However, the time for service upon those defendants has lapsed. To the extent Burns's motion
27   seeks to effect service through the U.S. Marshals Service, the motion is denied without prejudice.
28   If Barfield would like the Court to direct the U.S. Marshal to effect service, then the Court will

require Burns to: (1) file a motion for service via the U.S. Marshals Service under Fed. R. Civ. P. 4(c)(3); *and* (2) file a motion to enlarge the time for service under Rule 4(m) using the two-step analysis set forth above. If by January 29, 2021, Burns has not completed service or filed a motion asking the Court to enlarge the deadline for service, the Court will direct Burns to show cause why Barfield and Mozza should not be dismissed from this matter without prejudice.[4]

Additionally, based on Burns's allegations, defendant Mozza was an employee of the Ely State Prison during the events alleged in Burns's complaint. *See* ECF No. 12 at 2. Therefore, the Court will require Nevada's Office of the Attorney General to either accept service on Mozza's behalf or, if possible, file Mozza's last-known address under seal with the Court.

### III. Motion to extend time to file dispositive motions (ECF No. 44)

Under Rule 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

Here, defendants seek an extension of the January 2, 2021 deadline to file dispositive motions. ECF No. 44 at 1. Defendants filed their motion shortly before the deadline lapsed, which means they need only establish good cause for the extension. As good cause, defendants offer that the extension would permit them to adequately research and draft a well-briefed dispositive motion. Give the posture of this case—including the fact of Burns's ongoing service efforts—the Court, in its discretion, finds that defendants have established good cause for their requested extension. Therefore, the dispositive motions deadline will be extended up to and including February 3, 2021.

### IV. Conclusion.

IT IS THEREFORE ORDERED that Burns's motion to receive summons papers (ECF No. 43) is GRANTED in part and DENIED in part.

---

[4] To be clear: the Court today is not extending the time for service upon Mozza and Barfield. The operative service deadlines for Mozza and Barfield continue to be October 16 and May 18, 2020, respectively.

IT IS FURTHER ORDERED that the Clerk of Court shall send Burns a copy of the summons at ECF No. 27.

IT IS FURTHER ORDERED that the Clerk of Court shall issue a summons directed to defendant "Mozza" using the address that plaintiff listed for defendant "Mena" in the operative complaint (ECF No. 12 at 2).

IT IS FURTHER ORDERED that the Clerk of Court shall send Burns a copy of the summons issued for defendant "Mozza."

IT IS FURTHER ORDERED that by January 18, 2021, Nevada's Office of the Attorney General shall file a notice advising the Court and plaintiff of whether it will accept service on behalf of defendant Mozza. If the Attorney General declines to accept service on Mozza's behalf, the Attorney General must, if possible, file Mozza's last-known address information under seal.

IT IS FURTHER ORDERED that by January 29, 2021, Burns must either effect service upon defendants Barfield and Mozza or file a motion with the Court to extend the time for service. Failure to meet this deadline will result in an order to show cause why defendants Barfield and Mozza should not be dismissed from this matter without prejudice.

IT IS FURTHER ORDERED that defendants' motion to extend time (ECF No. 44) is GRANTED. The deadline for dispositive motions is extended up to and including February 3, 2021.

DATED: January 8, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE