# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| David Burns,<br><br>            Plaintiff,<br><br>  v.<br><br>Davis, et al.,<br><br>            Defendants. | Case No. 2:19-cv-00218-RFB-BNW<br><br>**Order re [47] and [48]** |

Before the Court is plaintiff David Burns's motion to extend the time for service upon defendants "Mozza" and Barfield and to extend discovery. ECF Nos. 47–48. For the reasons below, both motions are denied. The Court will give Burns one **final** chance to effect service through the U.S. Marshals Service and extend the deadlines for service. He must follow the very specific instructions set forth in the conclusion of this order.

## I. Background

Burns initiated this matter with an application to proceed in forma pauperis ("IFP") and an accompanying complaint brought under 42 U.S.C. § 1983. ECF No. 1. The district judge screened Burns's complaint and found that he stated a colorable claim against several defendants—including Barfield and Mena—under the Eighth Amendment. ECF No. 11. The Court later granted Burns's application to proceed IFP. ECF No. 17.

The operative complaint was docketed on November 18, 2019. ECF No. 12. Following an unsuccessful early mediation, ECF No. 15, Nevada's Office of the Attorney General accepted service on behalf of all defendants except Barfield and Mena. ECF No. 18. The Attorney General filed Barfield's address under seal at ECF No. 19 but did not do the same for Mena.

**A. Burns's first motion for service**

Burns filed a motion requesting summonses for Mena and Barfield in July 2020. ECF No. 25. The Court construed Burns's motion as one for issuance of summonses and to effect service of process. ECF No. 26 at 2.

The Court issued a summons for Barfield but declined to do the same for Mena. ECF No. 27; ECF No. 26 at 3. Instead, the Court directed the Attorney General to file Mena's last-known address under seal. *Id.* at 5. The Attorney General, however, informed the Court that the Nevada Department of Correction had employed only one employee named "Mena." This employee left the department 10 years prior to the allegations in Burns's complaint. ECF No. 28.

The Court declined to authorize service upon Barfield and Mena. ECF No. 26 at 3. The Court noted that the service deadline for Burns's complaint was May 18, 2020. *Id.*[1] But Burns brought his motion nearly two months after that deadline lapsed, and his motion offered no justification for doing so. ECF No. 26 at 4. Therefore, the Court declined to authorize service and instead directed Burns to file a motion by August 14, 2020, to establish the requisite good cause or excusable neglect for an extension of the service deadline. *Id.*

**B. Burns's second motion for service**

On August 13, 2020, Burns filed a motion to extend the time for service upon Mena, ECF No. 30, but he did not seek an extension of the time to serve Barfield. The Court granted Burns's motion and extended the time for service upon Mena up to and including October 16, 2020. ECF No. 35. The deadline for service upon Barfield remained May 18, 2020.

**C. Burns's third motion for service**

Burns asked the Court to send him summonses for defendants Barfield and "Mozza." ECF No. 43. Burns stated that "Mena's actual true name is Mozza," and that this correction was

---

[1] Although Burns's complaint was docketed on November 18, 2019, ECF No. 12, the district judge stayed this matter that very same day, ECF No. 11 at 5. The stay was lifted on February 18, 2020. ECF No. 17. Therefore, Burns's original 90-day deadline to effect service lapsed on May 18, 2020. *See* Fed. R. Civ. P. 4(m).

| | |
|---|---|
| 1 | set forth in the November 18, 2019 complaint.[2] *Id.* Given that Burns had apparently discovered |
| 2 | defendant "Mozza's" true name, the Court's January 2021 order directed the Clerk of Court to |
| 3 | issue a summons for that defendant and directed Nevada's Office of the Attorney General to |
| 4 | either accept service on Mozza's behalf or file his address under seal with the Court. ECF No. 45 |
| 5 | at 5. The Attorney General declined to accept service on behalf of Mozza because "there is no |
| 6 | current or former employee of the [NDOC] with that name." ECF No. 49. |
| 7 | Further, in its January 2021 order the Court explained that it was uncertain whether Burns |
| 8 | was moving the Court to accomplish service through the U.S. Marshals Service. ECF No. 45 at 4. |
| 9 | The Court noted that the service deadline for "Mozza" and Barfield had expired and that there |
| 10 | was no pending motion to extend the service deadline. Therefore, the Court articulated the two- |
| 11 | step analysis required under Rule 4(m) to determine whether to extend the time for service, and |
| 12 | the Court directed as follows: "If Barfield would like the Court to direct the U.S. Marshal to |
| 13 | effect service, then the Court will require Burns to: (1) file a motion for service via the U.S. |
| 14 | Marshals Service under [Rule] 4(c)(3); ***and*** (2) file a motion to enlarge the time for service under |
| 15 | Rule 4(m) using the two-step analysis set forth above." ECF No. 45 at 4–5. The Court warned |
| 16 | Burns that if by January 29, 2021, he had "not completed service or filed a motion asking the |
| 17 | Court to enlarge the deadline for service, the Court will direct Burns to show cause why Barfield |
| 18 | and Mozza should not be dismissed from this matter without prejudice." *Id.* at 5. |
| 19 | Burns filed the underlying motions on January 29, 2021, and defendants opposed. ECF |
| 20 | Nos. 47, 48, and 57. |
| 21 | **II. Discussion** |
| 22 | Rule 4(m) requires a two-step analysis to determine whether to extend the time for |
| 23 | service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" |
| 24 | extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d |

---

[2] As an aside, the operative complaint is still directed at defendant "Mena" not "Mozza." ECF No. 12 at 2.

1188, 1198 (9th Cir. 2009). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

For the first step, good cause is equated with diligence. *Hunter v. Nat'l Relocation Van Lines*, 2018 WL 3633918, at *2 (D. Nev. July 31, 2018). At a minimum, however, good cause means excusable neglect. *In re Sheehan*, 253 F.3d at 512. A plaintiff may be required to show the following factors to bring an excuse to the level of good cause: (1) the party to be served received actual notice of the lawsuit; (2) defendant would suffer no prejudice by the extension; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *Id.* at 512. The Court must afford a pro se civil rights litigant "considerable leeway," "especially when the litigant is incarcerated." *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1982) (emphases omitted), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Here, Burns has not shown good cause to extend the deadline for service. The deadlines for service upon Mozza and Barfield expired in October 2020 and May 2020, respectively. The underlying motion was not filed until January 2021. Thus, Burns has not been diligent. Burns argues that there is good cause because these defendants are mainly responsible for the pain that plaintiff alleges in the complaint. However, this does not explain why Burns has failed to accomplish service within Rule 4(m)'s deadline. Further, although Burns articulated the correct legal standard, he did not address the remaining two *Sheehan* factors. Therefore, Burns has not shown good cause, and the Court turns now to the second step.

At the second step, Rule 4 "permits the district court to grant an extension even in the absence of good cause," so long as there is excusable neglect. *Efaw*, 473 F.3d at 1040; *Lemoge*, 587 F.3d at 1197. The Ninth Circuit has not articulated a test to determine excusable neglect, but it is clear that the trial court's discretion at the second step "is broad." *In re Sheehan*, 253 F.3d at 513. Other courts have allowed the following equitable factors to guide their discretion: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Trueman v. Johnson*, 2011 WL 6721327, at *5 (D. Ariz. 2011).

Here, Burns articulated the correct legal standard but he did not address any of the factors. Based on the Court's review of the record: the delay in service has been significant. The original deadline for service was May 18, 2020. The Court extended the deadline for service upon Mena to October 16, 2020, ECF No. 35, but Burns never sought an extension of the time to serve Barfield. Further, the Court was very clear with Barfield: if he wished for the U.S. Marshals Service to effect service upon the defendants, he had to file a motion under Rule 4(c)(3). ECF No. 45. But Burns never filed a Rule 4(c)(3) motion, and he never requested a USM-285 form from the Court. Discovery closed in December 2020, and Burns did not seek a Rule 4(m) extension until after that time. Finally, because Burns did not analyze any of the remaining factors, the Court construes those factors against him and finds that Burns has not shown excusable neglect.

In light of the considerable leeway the Court must afford to Burns, **the Court will give Burns one final opportunity to extend the deadline for service and to seek service through the U.S. Marshals Service.** He must closely adhere to the instructions set forth in the conclusion of this order.

### III. Motion to extend time for discovery

Rule 16 governs scheduling order. Fed. R. Civ. P. 16. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses primarily on the movant's diligence. *Smith v. Wal-Mart Stores, Inc.*, 2014 WL 2770691, at *4 (D. Nev. June 17, 2014). The Court has broad discretion in supervising the pretrial phase of litigation. *Zikvovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Here, Burns seeks to extend discovery solely with respect to "Mozza" and Barfield. ECF No. 47 at 1. The Court has already found that Burns is not entitled to an enlargement of time to serve these two defendants, and they have not appeared in this case. Therefore, the Court finds that there does not, at this juncture, exist good cause to extend the discovery schedule. Burns may move to modify the schedule if he successfully effects service upon "Mozza" and Barfield.

### IV. Conclusion

IT IS THEREFORE ORDERED that Burns's motion for enlargement of time to serve defendants "Mozza" and Barfield (ECF No. 47) is DENIED.

IT IS FURTHER ORDERED that Burns's motion for discovery (ECF No. 48) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is kindly directed to send Burns two blank USM-285 forms.

IT IS FURTHER ORDERED that Burns will have **one final opportunity** to attempt service through the U.S. Marshals Service and extend the time for service. By August 4, 2021, Burns must:

1. File a motion (1) to effect service of process via the U.S. Marshals Service under Fed. R. Civ. P. 4(c)(3) and (2) to enlarge the time for service under Rule 4(m). Burns should title the motion as follows: "**Urgent motion to effect service under Rule 4(c)(3) and to extend the time for service under Rule 4(m).**" The Court will address this motion on an expedited basis.

2. For Burns's motion under Rule 4(c)(3), he must complete the **two** USM-285 forms and attach them to his motion. On the **first** form, Burns shall request service upon Barfield and he must **leave blank** the space for Barfield's address. The U.S. Marshal shall acquire that information from the Court's docket. On the **second** form, Burns shall request service upon "Mozza" or Mena and he must fill out the form entirely—including an address where the defendant can be served—because the Attorney General's Office has neither accepted service on behalf of "Mozza" or Mena nor provided a last-known address.

3. For Burns's motion under Rule 4(m), he must not only articulate the governing 2-step legal standard set forth in this order and in his motion, but he must also describe and explain how he meets each of the factors set forth in the legal standard. In other words, it is not enough for Burns to simply articulate the legal standard and request relief. He must explain, at the first step, whether: (1) the party to be served received actual notice of the lawsuit; (2) defendant would suffer no prejudice by the extension; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *In re*

*Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).  He must do the same for the factors set forth in the second step.

IT IS FURTHER ORDERED that failure to follow these instructions by August 4, 2021, will result in a recommendation to the district judge that Burns's claims against "Mozza" and Barfield be dismissed without prejudice.

DATED: July 14, 2021.

Brenda Weksler
United States Magistrate Judge